# Sills Cummis & Gross
### A Professional Corporation

**101 Park Avenue, 28th Floor**
**New York, New York 10178**
**Tel: (212) 643-7000**
**Fax (212) 643-6500**

**Jaimee Katz Sussner**
**Member**
**Admitted In NJ, NY**
**Direct Dial: 973-643-6281**
**Email: jsussner@sillscummis.com**

The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 643-7000
Fax: (973) 643-6500

May 12, 2021

**Via Electronic Filing**
Honorable Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   *Fawn Second Avenue LLC, et al v. First American Title Insurance Company*
             Civil Action No.: 1:21-cv-03715-KPF

Dear Judge Failla:

    This firm represents defendant First American Title Insurance Company ("First American") in the above-referenced matter. Pursuant to Your Honor's Individual Rules of Practice in Civil Cases, we write to respectfully request a pre-motion conference to discuss First American's proposed motion to dismiss the Complaint filed by Plaintiffs Fawn Second Avenue LLC, 1881 Second Avenue LLC, and SFP 1881 Holdings LLC ("Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for leave to file First American's proposed motion. Plaintiffs' counsel does not consent to the proposed motion.[1]

    In this action, Plaintiffs have sued First American for alleged damages under a title insurance policy arising from the designation of their property as a "landmarked site or within a landmarked historic district," which was not recorded and, therefore, was not disclosed in the title report and commitment that they received prior to their purchase. The Complaint does not allege that evidence of this designation was recorded, and the public real property records (of which this Court may take judicial notice) confirm that it was not -- as would be required for coverage to be available to Plaintiffs under their policy. Because an unrecorded landmarks designation is not a

---

[1] Plaintiffs' counsel have not appeared in this action. Accordingly, First American will serve a copy of this letter upon Plaintiffs' counsel by email.

Sills Cummis & Gross
A Professional Corporation

The Honorable Katherine Polk Failla
May 12, 2021
Page 2

covered risk under the title policy that was issued, and such a designation is also excluded from coverage under at least three policy provisions, Plaintiffs' claims cannot be sustained and their Complaint must be dismissed.[2]

## The Allegations in the Complaint

The Complaint alleges that First American issued a title report and policy (the "Policy") to Plaintiffs in connection with their purchase of property located at 82 Second Avenue in Manhattan (the "Property") in the amount of $30,900,000. (ECF No. 1, Ex. A, Complaint, ¶¶ 9-11.) Plaintiffs also allege that neither the title report nor the Policy disclosed that the Property was located in a landmarked district, and that Plaintiffs were unaware of the landmarked status (despite brown street signs posted at both ends of their block disclosing this).[3] (*Id.*, ¶¶ 12-13.) Plaintiffs allege that they received letters from the New York City Landmarks Preservation Commission ("LPC") demanding that certain work "stop immediately" due to the Property's historic designation. (*Id.*, ¶ 15.) The Complaint seeks damages of over $250,000 in three causes of action: (i) an alleged breach of the Policy due to a failure to advise that the Property is located within a historical district (Count I); (ii) a declaratory judgment that Plaintiffs are entitled to coverage under the Policy (Count II); and (iii) negligence (Count III). (*Id.*, ¶¶ 17-42.)

## Plaintiffs' Claims are Barred by the Plain Language of the Policy

There is no plausible construction of the Policy that could support a breach of contract claim. In evaluating whether a claim is covered, both the insuring provisions and the title exclusions must be examined. *Albert J. Schiff Assocs., Inc. v. Flack*, 51 N.Y.2d 692, 697, 435 N.Y.S.2d 972, 974 (1980) ("Just as this [insuring] clause affirmatively indicates the coverage which is included, so does the 'exclusion' clause tell us expressly what is not.").

Plaintiffs appear to seek coverage pursuant to Covered Risk 5, which provides coverage for loss or damage "incurred . . . by reason of . . . [t]he violation or enforcement of any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to . . . (b) the character, dimensions, or location of

---

[2] This is Plaintiffs' second attempt to bring these claims. Plaintiffs filed a Summons with Notice in the Supreme Court of the State of New York, New York County, in November 2018, and subsequently filed a Complaint in May 2019. *See Fawn Second Avenue LLC v. First American Title Insurance Company*, Index No. 655735/2018 (Sup. Ct., N.Y. Cty). While the trial court denied Plaintiffs' motion to dismiss, the Appellate Division of the Supreme Court, First Judicial Department, reversed that decision due to Plaintiffs' failure to timely serve the Complaint or to supply an affidavit of merit. *See Fawn Second Ave. LLC v. First Am. Title Ins. Co.*, 192 A.D.3d 478, 140 N.Y.S.3d 399, 399 (1st Dep't 2021). The Appellate Division concluded that the merits of Plaintiffs' claims were mooted by its decision, and declined to consider them. *Id.* at 400.

[3] Although it is beyond the scope of the proposed motion, First American received evidence in the state court litigation showing that Plaintiffs had notice of the landmarks designation.

Sills Cummis & Gross
A Professional Corporation

The Honorable Katherine Polk Failla
May 12, 2021
Page 3

any improvement erected on the Land," but explicitly provides that coverage is only available "***if a notice, describing any part of the Land, is recorded in the Public Records*** . . . .[emphasis added]," defined as the public real property records. In other words, Covered Risk 5 provides coverage for regulatory restrictions pertaining to real property that *are recorded* in the public real property records, but *not* those that *are not recorded* – as is the case here. The Complaint here does *not* allege that the landmarks designation was recorded at the time the Policy was issued, and the public real property records for this Property confirm that it was not. Coverage is unavailable for this reason alone.

Even if some argument could be made to the contrary, a designation made by the LPC is explicitly excluded from coverage pursuant to Exclusion 1 of the Policy because the alleged limitation on development that flows from that designation is exclusively attributable to that Commission's regulatory authority. The Policy states that Plaintiffs are not insured against damages resulting from "[a]ny law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to . . . (ii) the character . . . of any improvement erected on the Land . . . [o]r the effect of any violation of these laws, ordinances, or governmental regulations."). Courts construing title claims arising from zoning and governmental regulations such as this have consistently held that these types of restrictions are not "liens and encumbrances" for purposes of implicating coverage, but even if they were, they would be excluded from coverage pursuant to Exclusion 1.

### Plaintiffs' Declaratory Judgment and Negligence Claims Warrant Dismissal

Plaintiffs' declaratory judgment and negligence claims are duplicative of their breach of contract claim, and should therefore also be dismissed. *See Citibank, N.A. v. Chicago Title Ins. Co.*, 214 A.D.2d 212, 216, 632 N.Y.S.2d 779, 781 (1st Dep't 1995) (it is "well-settled law that a cause of action for negligence in searching title does not lie in an action on the policy"); *Apple Records, Inc. v. Capitol Records, Inc.*, 137 A.D.2d 50, 54, 529 N.Y.S.2d 279, 281 (1st Dep't 1988) ("A cause of action for a declaratory judgment is unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract."). We thank the Court for its attention to this request.

Very truly yours,

*s/ Jaimee Katz Sussner*

Jaimee Katz Sussner

cc:   Matthew Hearle, Esq. (by email only)
       Daniel Goldenberg, Esq. (by email only)