# GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP

ATTORNEYS AT LAW

ANDREW W. ALBSTEIN*
ARNOLD I. MAZEL
STEVEN R. UFFNER
HARVEY L. GOLDSTEIN
NEAL M. ROSENBLOOM
KEVIN J. NASH
IRIS A. ALBSTEIN
BARRY E. ZWEIGBAUM
DOUGLAS TAUS
ROBERT W. LO SCHIAVO*
ELIZABETH SMITH* †
KATHARINE M. FINCH◦
MATTHEW E. HEARLE
AUBREY E. RICCARDI*
STEPHEN BORDANARO
ANTHONY J. SCHLUR
DANIEL J. SLATZ
MICHELLE A. McLEOD☆

———

J. TED DONOVAN
DORAN I. GOLUBTCHIK
SERGIO J. TUERO*
JAY E. SIMENS
STEWART A. WOLF*
YAN LAURENCY
ERIK ZARATIN
BRIAN A. KOHN
BRIAN W. KEMPER
JOHN P. HOGAN
ZACHARY D. KUPERMAN*
NEIL I. ALBSTEIN*
GIDON SHAMIR
JARED STEINBERG♦
MATTHEW A. LYONS

**1501 BROADWAY**
**22ND FLOOR**
**NEW YORK, N. Y. 10036**
**(212) 221-5700**
**TELECOPIER (212) 730-4518**

———

BENJAMIN C. KIRSCHENBAUM
ROBERT KANDEL
(OF COUNSEL)

———

EMANUEL GOLDBERG (1904 - 1988)
JACK WEPRIN (1930 - 1996)
BENJAMIN FINKEL (1905 - 1986)

———

\*   ALSO MEMBER OF NEW JERSEY BAR
†   ALSO MEMBER OF MASSACHUSETTS BAR
☆  ALSO MEMBER OF FLORIDA AND WASHINGTON DC BAR
◦   ALSO MEMBER OF CONNECTICUT BAR
♦   ADMITTED IN OHIO AND PENNSYLVANIA ONLY

May 17, 2021

**VIA PACER**
Hon. Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      RE:   *Fawn Second Avenue LLC et al v. First American Title Insurance Company*
             Civil Action No.: 1:21-cv-03715-KPF

Dear Judge Failla:

      This firm represents plaintiffs, Fawn Second Avenue LLC, 1881 Second Avenue LLC, and SFP 1881 Holdings LLC (together, the "Plaintiffs"), in the above refenced action currently pending before Your Honor. We are in receipt of the letter motion of defendant, First American Title Insurance Company (the "Defendant") dated May 12, 2021 (the "Letter") seeking leave to move to dismiss the Plaintiff's complaint. We respectfully oppose. The basis of this opposition is that the motion was already made and, subsequently, denied by Justice Engoron in his decision dated November 15, 2019 (the "Decision"). A copy of the Decision is enclosed herein.

## Background

      Prior to addressing Defendant's specific arguments, it is important to provide this Court with a background. This action is based on a dishonored title insurance policy (the "Policy"). Plaintiffs are the insured and Defendant is the insurer. After Plaintiffs acquired real property located on 2nd Avenue in Manhattan, they received notice from the New York City Landmarks Commission advising them that certain renovations which Plaintiffs sought to perform at their property could not be made because the property is located in a Historic Landmark District. Plaintiffs were unaware of any Landmark restrictions against the property and the title report prepared by Defendant did not include notice of same. Plaintiff's claim coverage, based on the Policy, insured title against enforcement of any laws, ordinances, or other regulations which restrict or regulate the use and enjoyment of the property or which relate to the

1

character thereof. After having their claim denied because it was allegedly excluded from coverage, Plaintiff's commenced an action by summons with notice on November 16, 2018 in New York Supreme Court, New York County ("First Action").

The First Action consisted of the same causes of action as the instant action: enforcement of the plain terms of a title insurance policy. On June 20, 2019, the Defendant moved to dismiss the First Action on the same grounds that Defendant describes in the Letter, except included the additional procedural argument that the Plaintiffs failed to serve their complaint within the time prescribed by CPLR 3012(b).1

On the merits, Justice Engoron denied Defendant's motion, concluding that the exclusionary clause, which Defendant relied on, was vitiated by a coverage clause and, in fact, Plaintiffs claims fell within coverage. Justice Engoron then wrote that he "considered defendant's remaining arguments – including that plaintiffs should have been on notice of the landmarked status because of a street sign hung at the end of the block on which the property is located – to be unavailing and/or non-dispositive." Plaintiffs commenced this instant action on April 9, 2021 ("Second Action") and, now, Defendant hopes to relitigate the same motion to dismiss before Your Honor.

"The interpretation of written instruments is of course a matter for the court." *Zodiac v American Broadcasting*, 81 AD2d 337, 339 [1st Dept 1981]. Here, Justice Engoron not only interpreted the plain language of the Policy, but also rejected Defendant's argument that Plaintiffs had notice of the historic landmark designation because of street signs. It is respectfully submitted that this Court should afford Justice Engoron's decision the precedential value it is entitled and deny Defendant the opportunity to re-litigate the motion.

### Plaintiff's Allegations

It is initially noted that Defendant is wrong to claim that "the complaint does not allege that evidence of this designation was recorded." In fact, the Complaint clearly alleges that "Neither the title report issued by Defendant nor the Policy issued by Defendant disclosed that the Property was located on a landmarked site or within a landmarked historic *district despite the Property being designated as such in New York public records*." Complaint at Paragraph 12 (emphasis added).

### Plaintiff's Claims Are Not Barred by the Plain Language of the Policy

Nor are Plaintiffs' claims barred by the language of the Policy. It is respectfully submitted that Justice Engron most clearly and succinctly explains why landmark designation was not excluded under the Policy and Defendant's interpretation is erroneous:

> In the alternative, defendant seeks to dismiss plaintiffs' complaint, pursuant to CPLR 321 l(a)(l) and (7), on the grounds that the insurance contract allegedly does not provide coverage for a failure

---

1 The First Action was commenced by summons with notice rather than summons and complaint. Under the CPLR, the complaint would be required to be served within 20 days of a demand. The First Action complaint was served three weeks after demand, an infirmity which Justice Engoron forgave. The Appellate Division ruled that the timeliness could not be overlook and dismissed the complaint without prejudice.

2

to disclose a landmark designation. In support of this argument, defendant cites to
Exclusion 1 of the subject insurance policy, which states in pertinent part:

> The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:
> 1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
>    i. the occupancy, use, or enjoyment of the Land;
>    ii. the character, dimensions, or location of any
>    iii. improvement erected on the Land;
>    iv. the subdivision of land; or
>    v. environmental protection;
> or the effect of any violation of these laws, ordinances, or governmental regulations. **This Exclusion l(a) does not modify or limit the coverage provided under Covered Risk 5.**

(NYSCEF Doc. No. 20) ( emphasis added). The exclusionary clause, which defendant relies on in support of its motion to dismiss, specifically states that nothing in Exclusion l(a) modifies or limits the coverage provided under "Covered Risk 5."
Covered Risk 5 specifically states that defendant will insure plaintiffs against loss or damage sustained or incurred by reason of:

> 5. The violation or enforcement of any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
>    i. the occupancy, use, or enjoyment of the Land;
>    ii. the character, dimensions, or location of any
>    iii. improvement erected on the Land;
>    iv. the subdivision of land; or
>    v. environmental protection;
> if a notice describing any part of the Land, is recorded in the Public Records setting forth the violation or intention to enforce, but only to the extent of the violation or enforcement referred to in that notice.

Id. Accordingly, much of the exceptions itemized in "Exclusion I" are apparently vitiated by the language of Covered Risk 5, the latter of which is to prevail in the event there is any conflict or ambiguity between the two.

In other words, landmark designation is a covered risk under Coverage Risk 5, which supersedes the Exclusion coverage by its own terms "The Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5."

Apart from the foregoing, Defendant doubles down and claims that, even if coverage is not excluded, the current landmark designation is not recorded in the public record and, moreover, that "courts construing title claims arising from zoning and governmental regulations such as this have consistently held that these types of restrictions are not "liens and encumbrances" for purposes of implicating coverage."

In reply, it is beyond cavil to argue that a historic landmark designation is not a part of the public record. *See Church of St. Paul v Barwick*, 67 NY2d 510, 514 [1986] (offers a thorough summary of the landmark designation process thereby demonstrating why defendant's claim is palpably unavailing). Historic landmark designation is necessarily recorded in the public record because otherwise, at a minimum, the City would be unable to issue the predicate violation notices as they would have no public record upon which to base them. Indeed, the New York City Landmark's Commission website readily belies Defendants arguments.

Similarly unavailing is Defendant's attempt to lump together zoning and landmark designations in order to shoehorn helpful precedent.[2] Accordingly, provided that Defendant will be using the same case law as it did in its attempt to persuade Justice Engoron, it is preemptively submitted that this Court may note that "zoning and governmental regulations" are distinct from a landmark designation – which is the issue at hand. See *Shubert Org. v Landmarks*, 166 AD2d 115, 122 [1st Dept 1991] (recognizing the distinction between zoning and landmark regulation and concluding that " [t]his, of course, is a zoning matter, rather than a landmark matter."). Indeed, the Policy's own language recognizes that same distinction by specifically identifying and excluding "zoning" from coverage under the policy while making no such mention in regard to landmark designation.

At bottom, this Court should reject Defendant's request for leave to move to dismiss the Second Action. Defendant has not articulated why this Court should disregard Justice Engoron's decision and simply reapply it. Likewise, Defendant offers no reasonable justification as to why this Court should conclude that a historic landmark designation would not be recorded in the public record. It is respectfully submitted that such a conclusion is untethered to common sense.

### **Plaintiffs' Declaratory Judgment and Negligence Claims Do Not Warrant Dismissal**

As with the foregoing arguments, Defendant's last argument is identical to the one Justice Engoron wholly rejected and characterized as "unavailing and/or non-dispositive."

First, Defendant slyly avoids the context in which the Second Action's Declaratory Judgment claim was raised in the hopes of avoiding well-established precedent that "in the insurance context, insureds have been permitted to simultaneously seek a judgment declaring the insurer's

---

2 If Defendant, however, is adamant that zoning and landmark designation are the same, then it must dispense with its previous argument, because it is well established that "[t]he zoning status of the property and the tax assessment were matters of public record." Urstadt Biddle Props. v Excelsior Realty, 65 AD3d 1135, 1137 [2d Dept 2009].

4

obligations to them as well as the further relief of damages for breach of contract." *Kings Infiniti Inc. v. Zurich Am. Ins. Co.*, 43 Misc. 3d 1207(A), 990 N.Y.S.2d 437 (N.Y. Sup. 2014).

Second, Defendant argues that "a cause of action for negligence in searching title does not lie in an action on the policy." This argument, however, misconstrues Plaintiffs' negligence cause of action. The cases upon which Defendant relies are based on actions where insured parties argue that an insurer "had been negligent in searching these titles, and for that reason it should not be permitted to escape its liability as an insurer." *Trenton Potteries Co. v Title G. T. Co.,* 176 NY 65, 74 [1903]. That is not the case here. Plaintiffs' negligence claim is separate and distinct and is specifically grounded on Defendant's contract to search title and issue a title report. To that end, "[u]nder the contract for searching titles the defendant may be liable for any damages which its negligence may have imposed upon the plaintiff." *Citibank v Chicago Tit. Ins. Co.*, 214 AD2d 212, 216 [1st Dept 1995]. Indeed, Plaintiff clearly alleges that "Defendant – in connection with the issuance of the title report **and** the Policy – owed a duty of care to Plaintiffs to investigate and determine that the Property was located on a landmarked site or within a landmarked historic district." Complaint at Para. 40 (emphasis added). Accordingly, Defendant's attempt to conflate the causes of action under the Policy is incorrect and, in turn, the authority upon which Defendant relies actually compels this Court to deny Defendant's argument instead.

## Conclusion

It is respectfully submitted that the doctrines of estoppel and the concepts underpinning the Rooker-Feldman Doctrine be considered when deciding Defendant's request for leave to move to dismiss. While the Appellate Division reversed Justice Engoron's decision, it did so without prejudice and did so on a carefully circumscribed procedural ground. The merits which were so clearly and succinctly decided by Justice Engoron were not addressed or affected. It is respectfully submitted that this Court adopt Justice Engoron's analysis and conclusion. The remaining assertion by Defendant as to alleged pleading deficiencies are, as outlined above, belied. Accordingly, the Court is asked to deny Defendant's request for permission to move to dismiss the Plaintiff's complaint.

Very truly yours,

/s/ Daniel Goldenberg
Daniel Goldenberg

5

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. ARTHUR F. ENGORON | PART | IAS MOTION 37EFM |
| | Justice | | |

-----------------------------------------------------------------X

FAWN SECOND AVENUE LLC, 1881 SECOND AVENUE LLC, SFP 1881 HOLDINGS LLC,

                              Plaintiffs,

- v -

FIRST AMERICAN TITLE INSURANCE COMPANY,

                              Defendant.

-----------------------------------------------------------------X

INDEX NO.  655735/2018

MOTION DATE  06/20/2019

MOTION SEQ. NO.  001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 32, 33, 34, 35
were read on this motion to     DISMISS          .

Upon the foregoing documents, it is hereby ordered that defendant's motion to dismiss is denied, and plaintiffs' cross-motion extending the time to serve its complaint is granted.

Plaintiffs commenced this declaratory judgment action on or about November 16, 2018 by serving a summons with notice. On or about March 7, 2019, defendant served a demand for a complaint. On March 31, 2019, more than 20 days after the complaint had been demanded, plaintiffs served a complaint. In their complaint, plaintiffs allege they are entitled to a judgment declaring that defendant is liable for damages incurred by plaintiffs for failure to disclose that a property purchased by plaintiffs and insured by defendant was located in a historic landmarked district. On June 4, 2019, defendant served a notice of rejection of plaintiffs' complaint on the ground that it was untimely.

Defendant now brings the instant motion, pursuant to 3012(b), or, in the alternative, pursuant to CPLR 3211(a)(1) and (7), to dismiss plaintiffs' complaint. Plaintiffs cross-move, pursuant to CPLR 2004, to have their complaint deemed timely *nunc pro tunc*.

"[C]ourts enjoy a somewhat broader range of discretion when considering a motion for an extension of time under CPLR 2004 which precedes any motion to dismiss than when considering a motion to dismiss pursuant to CPLR 3012." *A&J Concrete Corp. v Arker*, 54 NY2d 870 872 (1981). In the instant action, this Court finds that the relatively brief delay of two months in serving the complaint did not substantially prejudice defendant. Moreover, as the statute of limitations has not yet run, the interests of judicial economy are better served by granting plaintiffs' cross-motion, rather than forcing them to recommence this action from the beginning, which they would presumably do if the motion to dismiss was granted on the ground of untimeliness. Accordingly, plaintiffs' cross-motion is granted, and their complaint is hereby deemed timely filed *nunc pro tunc*.

655735/2018  FAWN SECOND AVENUE LLC vs. FIRST AMERICAN TITLE        Page 1 of 3
Motion No. 001

1 of 3

In the alternative, defendant seeks to dismiss plaintiffs' complaint, pursuant to CPLR 3211(a)(1) and (7), on the grounds that the insurance contract allegedly does not provide coverage for a failure to disclose a landmark designation. In support of this argument, defendant cites to Exclusion 1 of the subject insurance policy, which states in pertinent part:

> The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:
>
> (1) (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
>  (i) the occupancy, use, or enjoyment of the Land;
>  (ii) the character, dimensions, or location of any improvement erected on the Land;
>  (iii) the subdivision of land; or
>  (iv) environmental protection;
> or the effect of any violation of these laws, ordinances, or governmental regulations. **This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.**

(NYSCEF Doc. No. 20) (emphasis added). The exclusionary clause, which defendant relies on in support of its motion to dismiss, specifically states that nothing in Exclusion 1(a) modifies or limits the coverage provided under "Covered Risk 5."

Covered Risk 5 specifically states that defendant will insure plaintiffs against loss or damage sustained or incurred by reason of:

> 5. The violation or enforcement of any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
>  (i) the occupancy, use, or enjoyment of the Land;
>  (ii) the character, dimensions, or location of any improvement erected on the Land;
>  (iii) the subdivision of land; or
>  (iv) environmental protection;
> if a notice describing any part of the Land, is recorded in the Public Records setting forth the violation or intention to enforce, but only to the extent of the violation or enforcement referred to in that notice.

Id. Accordingly, much of the exceptions itemized in "Exclusion 1" are apparently vitiated by the language of Covered Risk 5, the latter of which is to prevail in the event there is any conflict or ambiguity between the two. There appears to be a disputed issue of fact as to whether the landmark status was recorded in any public records; but more importantly, plaintiffs have stated

655735/2018 FAWN SECOND AVENUE LLC vs. FIRST AMERICAN TITLE   Page 2 of 3
Motion No. 001

2 of 3

causes of action for breach of contract and negligence (CPLR 3211[a][7]) and defendant's documentation does not defeat plaintiffs' claims as a matter of law (CPLR 3211[a][1]).

The Court has considered defendant's remaining arguments—including that plaintiffs should have been on notice of the landmarked status because of a street sign hung at the end of the block on which the property is located—to be unavailing and/or non-dispositive.

Thus, for the reasons stated herein, defendant's motion to dismiss is denied in its entirety, plaintiffs' cross-motion to have its complaint deemed timely filed *nunc pro tunc* is granted, defendant has 20 days from the date of this order to interpose an answer, and the parties are directed to appear for a preliminary conference on December 17, 2019 at 10:00 am at 60 Centre Street, Courtroom 418, New York, New York.

11/14/2019
DATE

HON. ARTHUR F. ENGORON

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

655735/2018   FAWN SECOND AVENUE LLC vs. FIRST AMERICAN TITLE
Motion No. 001
Page 3 of 3

3 of 3